## Lake Erie & Western Railroad Co. v. W. E. Sellman.

1. RES ADJUDICATA—*Where it Does Not Apply.*—The doctrine of *res adjudicata* does not apply where there is no final operative judgment. So held where a judgment from a justice of the peace was suspended by the taking of an appeal, and the suit was dismissed before a trial on the appeal.

**Memorandum.**—Action of case against a common carrier for damage and loss of goods. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed November 27, 1893.

The opinion states the case.

APPELLANT'S BRIEF, A. E. DEMANGE, ATTORNEY; W. E.
HACKEDORN, OF COUNSEL.

The principle of *res judicata* extends not only to the questions of law and fact which were decided in the former suit, but also to the grounds of recovery or defense which, under the issues, might have been but were not presented, and both parties and privies are bound. Harmon v. Auditor, 123 Ill. 122; Litch v. Clinch, 35 Ill. App. 657; Bennett v. Star Mining Co., 119 Ill. 10.

While it is true that a plaintiff may maintain several actions against a number of persons who commit a tort jointly and may recover several judgments, he can have but one satisfaction. Severin v. Eddy, 52 Ill. 191.

A prior adjudication of the same subject-matter between the same parties or their privies operates as an estoppel upon the parties against subsequent litigation, at least as to all matters that were actually in controversy and decided in that adjudication. Moore v. Williams, 232 Ill. 590.

EDWARD BARRY, attorney for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE
COURT.

August 11, 1891, appellee brought this action on the case for damage and loss of goods alleged to have been caused by negligence of the carrier. A trial by the court without a jury resulted in a finding and judgment thereon for plaintiff for $60. After the usual motions entered and overruled, defendant appealed.

On the 15th of July appellee shipped a lot of household goods, clothing and other articles from Ottawa to Bloomington, via Peoria, over the roads of the C., B. & Q., and the

appellant companies. At Ottawa he received from the first mentioned company a bill of lading containing a clause expressly limiting the liability of that company to loss arising on its line. Among the goods so shipped was a zinc-covered trunk, locked and with a clothes line tied around it, containing wearing apparel of appellee and of his wife and child, which on said bill was mistakenly listed by the company's agent as a chest of tools. Appellee did not see the goods from the time they were delivered to the company at Ottawa, until they arrived at Bloomington, about a week later, when it was discovered that some were damaged and others were missing. For this loss and damage, after some fruitless negotiation, he brought suit against the Burlington Company before a justice of the peace, in Peoria, and obtained a judgment, from which the company took an appeal to the Circuit Court. On the 9th day of May, 1892, that case, pending the appeal and after this action was brought, was settled without trial, for less than half the amount of the judgment appealed from, by an agreement in writing between the parties, which released the Burlington Company but expressly stated that the plaintiff did not release any claim he might have against the appellant here; and that suit was accordingly dismissed.

The main point urged for the reversal of the judgment below, and which is learnedly and ingeniously presented, is that the doctrine of *res adjudicata* applies and bars a recovery. It is said that in that suit against the Burlington Company the plaintiff prosecuted for the same causes of action that are involved in this, and has had satisfaction; though it is conceded that if he knowingly assented to the limitation of the liability of the Burlington Company expressed in the bill of lading, and had not received from that company satisfaction for all the damages and loss of goods in their transit from Ottawa to Bloomington, he might recover in this case for any resulting from the negligence of appellant.

We think the technical doctrine of *res adjudicata* does not apply, because there was no final operative judgment

against the Burlington Company. That of the justice of the peace was suspended by the appeal taken, and the suit was dismissed before trial on the appeal.

Nor do we understand the evidence as showing or tending to show that the settlement was for any damage other than that which occurred on the Burlington road. The agreement for settlement expressly negatives that proposition. It may be presumed that that agreement on the part of the plaintiff, which was to settle with the defendant and release it for so much less than the amount of the judgment appealed from, was induced by his belief, either from the evidence produced on the trial or facts that afterward came to his knowledge, that the larger portion of the loss and damage occurred on the road of this appellant. There was evidence on the trial of this case that the trunk was received at Peoria and there delivered to the appellant company in apparently good order, but when it arrived at Bloomington the lock had been broken, the trunk opened and the contents taken away. Young, the drayman in the employ of Boyce & Son, to whom it was delivered by the company's agent, called his attention to the fact, but was told by the latter to go ahead and load it. These contents were wholly lost to appellee, and the testimony as to their value fully warranted the amount of damage found by the court below.

We see no material error in the record, and the judgment will therefore be affirmed.